**HOLIDAY FOOD SERVICE, INC., a Corporation; and Nat Rocker, an Individual, Petitioners,**

v.

**DEPARTMENT OF AGRICULTURE, Respondent.**

No. 86–7332.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 1987.

Decided June 29, 1987.

Harry G. Melkonian, Los Angeles, Cal., for petitioners.

Raymond Fullerton, Washington, D.C., for respondent.

Before KENNEDY, SKOPIL and KOZINSKI, Circuit Judges.

KENNEDY, Circuit Judge:

Petitioners Nat Rocker and Holiday Food Service (HFS) seek review of an order of the Department of Agriculture finding violations of the Packers and Stockyards Act, 7 U.S.C. §§ 181–229 (the Act), and assessing a $50,000 civil penalty.

Until its collapse, HFS sold meat and poultry to restaurants and hotels in Hawaii. Nat Rocker was an officer, director, and fifty percent shareholder of the company, as well as the sole owner of Holiday Meat and Provision, a separate meat packing company doing business in California. At the relevant times, both HFS

and Rocker were packers as defined and regulated by the Act. 7 U.S.C. § 191.

The Department of Agriculture charged Rocker and HFS with violations of section 202 of the Act, 7 U.S.C. § 192. The Department charged them with paying kickbacks, a deceptive practice prohibited by the Act. *See Nat'l Beef Packing Co. v. Secretary of Agric.*, 605 F.2d 1167 (10th Cir.1979). Rocker and HFS denied the charges, and administrative proceedings ensued.

The administrative law judge found violations of section 202, entered a cease and desist order, and assessed a $25,000 penalty. Unsatisfied, the Department appealed to its judicial officer seeking an increase in the penalty; Rocker and HFS cross-appealed, challenging the findings of violations. After reviewing the evidence, the judicial officer issued an order affirming the findings and increasing the penalty to $50,000. Rocker and HFS seek review of that order.

▆ In reviewing the order, our task is twofold. We must first decide whether the findings of violations are supported by substantial evidence, considering the record as a whole. *Corona Livestock Auction, Inc. v. United States Dep't of Agric.*, 607 F.2d 811, 814 & n. 8 (9th Cir.1979). If they are, we must determine whether the penalty is unwarranted in law or unjustified in fact. *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 185–86, 93 S.Ct. 1455, 1457–58, 36 L.Ed.2d 142 (1973).

### Violations

▆ Evidence presented by the Department supports the charges. Records of over one hundred checks indicate that regular payments were made to four purchasing agents. Testimony of one of the purchasing agents suggests the illegal character of those payments:

Q. Why did you receive those payments ...?

A. Well, they told me they'd give me a little something if I did buy it from them.

Q. I'm sorry, sir, I did not hear your answer.

A. They told me if I buy meat ... from them ... I would have payment for buying meat from them.

Finally, Rocker's signature on ninety-six of the checks and the testimony of HFS' general manager, who stated that he paid the purchasing agents "per the instructions of Nat Rocker," indicate Rocker's complicity in the scheme.

In response to the Department's evidence, Rocker and HFS offer little of note. They admit to making the payments, and limit their criticism of the purchasing agent's testimony to peripheral matters. They direct most of their argument to the evidence implicating Rocker, claiming he played little part in the operations of HFS and remained ignorant of the payments' character. After evaluating the evidence before him, however, it was perfectly reasonable for the administrative law judge to reach a contrary conclusion. *See Palmer Coking Coal Co. v. Director, Office of Workers' Compensation Programs of U.S. Dep't of Labor*, 720 F.2d 1054, 1058 (9th Cir.1983) (province of trier of fact, not reviewing court, to credit or discredit evidence and draw inferences from credited evidence).

Considering the record as a whole, the findings of violations are supported by substantial evidence. They are affirmed.

### Penalty

▆ The penalty imposed is not sustainable, however. An increase in penalty is permitted in appropriate cases. The Administrative Procedure Act, 5 U.S.C. § 557(b), the Department's regulations, 7 C.F.R. § 1.145(e), and the case law, *Stamper v. Secretary of Agric.*, 722 F.2d 1483, 1489 (9th Cir.1984), all indicate that a judicial officer may increase a penalty proposed by an administrative law judge. *See also Thornton v. Dep't of Agric.*, 715 F.2d 1508, 1513 (11th Cir.1983).

▆ However, imposition of a penalty without consideration of all relevant factors is improper. The Act provides that the judicial officer "shall consider the grav-

ity of the offense, the size of the business involved, and the effect of the penalty on the person's ability to continue in business." 7 U.S.C. § 193(b). Consideration of these factors is possible only if there is evidence bearing on them in the record. In this case, the record is replete with evidence of the gravity of the offense, but virtually barren of evidence regarding the effect of the penalty on Rocker's ability to continue in business. Under our decision in *Bosma v. Dep't of Agric.*, 754 F.2d 804 (9th Cir.1984), the burden of producing such evidence is the Department's, and failure to meet that burden is cause for reversal. *Id.* at 810–11.

The Department does not seriously contend that it has met its burden. Instead, it claims that, under the facts of this case, Rocker's ability to continue in business need not be considered. In support of this claim, it offers the following argument, proposed first by the judicial officer:

> [HFS] ... has been out of business for several years ... hence the civil penalty imposed in this case cannot have any effect on ... Rocker's ability to continue [that] ... business ... [and] it is irrelevant whether a civil penalty will have any effect on ... Rocker's ability to continue ... [other businesses].

We cannot accept this argument.

Rocker was subject to sanction only because he was a packer within the meaning of the Act. 7 U.S.C. § 191. He was punished for violating regulations governing the packing industry. It follows that the question is whether the penalty imposed will prevent him from continuing in business as a packer, not merely as a principal in a particular company. Indeed, the Department tacitly concedes the relevance of Rocker's other packing operations by adducing evidence regarding the annual business volume of Holiday Meat and Provision, a Rocker packing company not implicated in the violations.

 A passing reference in the administrative record to the annual volume of a business is inadequate to support the penalty, for that statistic, whatever it means, is entirely insufficient for any reasoned con-

clusion about net profits or liquidity. Without more substantial proof of Rocker's ability to pay, we cannot uphold the Department's action. We therefore vacate the penalty and remand the case for consideration under the standards set forth in this opinion.

REMANDED.

KOZINSKI, Circuit Judge, dissenting.

I respectfully dissent from the portion of the opinion reversing the penalty imposed. The Judicial Officer adequately considered the effect of the penalty. Holiday Food was out of business; thus, the penalty could have no impact on it. The Officer deemed the effect on Nat Rocker's ability to continue in a totally separate business irrelevant. I agree and would affirm on that basis alone.

Moreover, the Judicial Officer did determine that the penalty would not preclude Nat Rocker from continuing in business as a packer. His decision contains an explicit finding that Rocker's other business, Holiday Meat, "is a successful enterprise, with a current annual volume of business of 18 million dollars." J.O. Decision at 19. The Judicial Officer concluded from this evidence that the penalty "will not adversely affect respondent Rocker's ability to remain in business." *Id.* To further ameliorate any adverse impact, his order allows Rocker to spread payment of the penalty out over a four year period. The Judicial Officer's determination that a $12,500 annual payment will not bankrupt an $18 million a year business seems perfectly reasonable to me. I certainly cannot hold, as the majority apparently does in overturning the penalty, that this finding is "without justification in fact." *American Power & Light Co. v. SEC*, 329 U.S. 90, 113, 67 S.Ct. 133, 146, 91 L.Ed. 103 (1946).