15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 NOEL PLASTERING, STUCCO, INC., Petitioner,
v.
OFFICE OF the CHIEF ADMINISTRATIVE HEARING OFFICER, UNITED
STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW, Respondent.
 No. 92-70532.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1993.*
Decided Dec. 27, 1993.
 
 1
 Before: SKOPIL, THOMPSON, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Noel Plastering was determined to have violated the Immigration Reform and Control Act of 1986 (IRCA), 8 U.S.C. Secs. 1324a-1324c (1988), by employing aliens not eligible for employment and by failing to comply with record keeping provisions of the Act. Noel Plastering contends in its petition for review that the administrative law judge erred by (1) concluding that it had constructive knowledge of the employees' unauthorized status, and (2) failing properly to consider the statutory factors before assessing a penalty. We reject these contentions and we affirm.
 
 DISCUSSION
 1. Continuing Employment Violations
 
 4
 The administrative law judge concluded that Noel Plastering committed fourteen violations of 8 U.S.C. Sec. 1324a(a)(2) by continuing to employ individuals after learning of their unauthorized status. The ALJ reasoned that Noel Plastering had "constructive knowledge" of the employees' status. We agree. Noel Plastering received written notice from the Immigration and Naturalization Service that the employees were likely unlawfully employed aliens. This is sufficient to give an employer constructive knowledge of a violation. See New El Rey Sausage Co. v. U.S. INS, 925 F.2d 1153, 1159 (9th Cir.1991).
 
 
 5
 Noel Plastering argues that even if it had constructive knowledge of continuing employment violations, the ALJ erred by finding that the company breached its duty to reverify eligibility and to discharge ineligible employees. We disagree. The ALJ found no evidence that Noel Plastering terminated any of the fourteen employees named in the complaint for lack of documentation. Moreover, it is undisputed that these workers continued to work for Noel Plastering for periods of up to a year. See Mester Mfg. Co. v. INS, 879 F.2d 561, 568 (9th Cir.1989) (upholding ALJ's conclusion that a two-week delay in terminating illegal alien violated IRCA). We agree with the ALJ that Noel Plastering "failed to diligently or timely reverify the employment eligibility of the fourteen workers" and thereby violated section 1324a(a)(2).
 
 2. Paperwork Violations
 
 6
 Noel Plastering contends that the ALJ failed to duly consider the penalty factors set forth in 8 U.S.C. Sec. 1324a(e)(5) and therefore imposed an arbitrary and excessive penalty. Imposition of a civil penalty without consideration of all relevant factors is improper. Maka v. U.S. INS, 904 F.2d 1351, 1357-58 (9th Cir.1990). Moreover, " '[c]onsideration of these factors is possible only if there is evidence bearing on them in the record.' " Id. at 1358 (quoting Holiday Food Service v. Dept. of Agric., 820 F.2d 1103, 1106 (9th Cir.1987)).
 
 
 7
 IRCA provides that in "determining the amount of the penalty, due consideration shall be given to the size of the business of the employer being charged, the good faith of the employer, the seriousness of the violation, whether or not the individual was an unauthorized alien, and the history of previous violations." 8 U.S.C. Sec. 1324a(e)(5)). The ALJ expressly applied all of these factors to both the continuing employment and paperwork violations. We have reviewed the record and the ALJ's findings regarding the factors. We find nothing that would cause us to conclude that the ALJ's review of the factors was inadequate or that his choice of remedies was "unwarranted in law or without justification in fact." Spencer Livestock Comm'n v. Dept. of Agric., 841 F.2d 1451, 1456 (9th Cir.1988).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3